1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11  TASHA SCOTT,
                                    NO. CIV. S-06-1216 LKK/PAN (JFM)
12
            Plaintiff,
13
       v.                                        O R D E R
14
    SOLANO COUNTY HEALTH AND
15  SOCIAL SERVICES DEPARTMENT;
    SOLANO COUNTY; PATRICK DUTERTE;
16  and TRISH EDIE,

17          Defendants.
                                     /
18

19      In an order filed June 30, 2006, the court ordered plaintiff's
20  counsel to show cause in writing within ten (10) days why sanctions
21  should not issue for failure to file a timely opposition in
22  accordance with L.R. 78-230.  The court continued the hearing on
23  the motion to dismiss filed by defendant to August 7, 2006 and
24  ordered plaintiff's counsel to file and serve the opposition no
25  later than July 24, 2006 at 10:00 a.m.
26  ////

                                    1

1    Plaintiff's counsel has not responded to the court's Order to
2 Show Cause.  Plaintiff's counsel has also failed to file and serve
3 the opposition brief as directed by the court's June 30, 2006
4 order.  The court's docket reflects that plaintiff's counsel was
5 not admitted to practice in the Eastern District of California
6 until July 25, 2006, at which point, a document titled "Notice of
7 Motion and Motion to Remand Or Transfer to Proper Venue" was filed.
8 The entirety of that document states:

> Please Take Notice That On August 7, 2006, at 10:00 a.m. or soon thereafter as the matter may be heard in the Courtroom of the Honorable Judge Lawrence K. Karlton, of the above entitled Court, Plaintiff Tasha Scott will and hereby does move for an order remanding this action to State Court as the Removal of the action is defective. The complaint in this action was filed in Alameda Superior Court and removal is only proper in the Northern District.  Moreover, More over [sic] the Complaint is based primarily on State Court Claims and can be Amended so as to proceed solely on State Court claims.

16    The court, having considered plaintiff's counsel's repeated
17 failure to file an opposition brief in the above-captioned matter,
18 ORDERS as follows:
19    1.  Counsel for plaintiff is SANCTIONED in the amount of
20 three-hundred dollars ($300.00).  This sum shall be paid to the
21 Clerk of the Court no later than thirty (30) days from the
22 effective date of this order.  Counsel shall file an affidavit
23 accompanying the payment of this sanction which states that it is
24 paid personally by counsel, out of personal funds, and is not and
25 will not be billed, directly or indirectly, to the client or in any
26 way made the responsibility of the client as attorneys' fees or

1 costs.

2     2.   Plaintiff's counsel is directed to SERVE a copy of this
3 order on her client within ten (10) days of this order, and to file
4 an affidavit with the court which states that she has provided such
5 copy as directed by the court.

6     3.   Hearing on the motion to dismiss currently pending before
7 the court is CONTINUED to August 28, 2006 at 10:00 a.m. on the
8 Court's Law and Motion calendar.  The Status Conference currently
9 scheduled for August 7, 2006 is also CONTINUED to August 28, 2006
10 at 10:00 a.m.

11     4.   Plaintiff's counsel is directed to file and serve an
12 opposition brief no later than August 11, 2006 at 10:00 a.m.[1]

13     5.   The court shall disregard plaintiff's "Notice of Motion
14 and Motion to Remand or Transfer for Proper Venue" (Document 10).[2]

---

[1] Plaintiff's counsel is admonished that failure to file an opposition brief which responds to defendant's motion to dismiss, and which cites proper legal authority, may result in more stringent sanctions, dismissal of the above-captioned matter, and/or referral to the California State Bar. See L.R. 11-110 ("failure of counsel or of a party to comply with these Local rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court"); Fed. R. Civ. P. 41(b)("Defendant may move for dismissal for failure of the plaintiff to prosecute or to comply with federal rules of civil procedure or any order of court); Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, dismissal of a case."); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal with prejudice for failure to file an opposition brief to a motion to dismiss and non-compliance with local rules).

[2] This "motion" was defectively noticed.  On July 25, 2006, plaintiff's counsel requested that the "Motion to Remand or Transfer to Proper Venue" be heard on the court's August 7, 2006

1    6.   Plaintiff's request to appear telephonically at oral
2 argument on the motion, contained within her status report, is
3 DENIED.
4    IT IS SO ORDERED.
5    DATED:  August 2, 2006

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

Law and Motion calendar.  Local Rule 78-230 states, however, that "a matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard, not less than twenty-eight (28) days after personal service and filing of the motion or not less than thirty-one (31) days after mailed or electronic service and filing of the motion."  The Local Rules make clear that "[m]otions defectively noticed shall be filed, but not set for hearing . . . and that the moving party shall file and serve a new notice of motion setting forth a proper time and date." See L.R. 78-230, 5-135, 6-136(a).  Although L.R. 78-230(e) allows parties to file "related or counter-motions" on the date prescribed for the filing of the opposition, it is clear to the court that these motions are not "related to the general subject matter" of the motion to dismiss pending on the court's docket.
    Finally, the court notes that in filing this "Motion to Remand or Transfer to Proper Venue," plaintiff's counsel has failed to comply with the L.R. 78-230(b) which requires that the moving party file with the court "a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion."  On July 25, 2006, plaintiff's counsel filed a document containing one paragraph which is completely void of any argument, legal authority, or documentary evidence in support of such motion.  On August 1, 2006, plaintiff filed "Points and Authorities" in support of the previous motion.  This document, however, contains only several more paragraphs and still fails to provide the relevant legal authority and sufficient argument in support of such motion.